IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,673-01







EX PARTE ANGELA ROBINETT, 

AKA ANGELA KAY CARRION,

ANGELA KAY MCCORMICK, 

ANGELA JONES,

LISA ELAINE GOMEZ, Applicant







ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR28453 IN THE 75TH DISTRICT COURT


FROM LIBERTY COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while
intoxicated and sentenced to twenty-five years' imprisonment. She did not appeal her conviction.

 Applicant contends, among other things, that her trial counsel rendered ineffective assistance
because she advised Applicant that she would be sentenced to forty to fifty years if she insisted on
a trial. Applicant also contends that she was not competent when she pleaded guilty. 

 On May 4, 2011, we remanded this application and directed the trial court to order trial
counsel to respond to Applicant's claims. On remand, the trial court made findings of fact and
conclusions of law, but nothing in the supplemental record indicates that the trial court ordered trial
counsel to respond to Applicant's claims. 

 Applicant has alleged facts that, if true, might entitle her to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claims. In her response, trial counsel shall state
what advice, if any, she gave Applicant about sentencing following a jury trial. Trial counsel shall
also state whether Applicant exhibited any signs that she was incompetent. The trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent her at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law as to whether the
performance of trial counsel was deficient and, if so, whether her deficient performance prejudiced
Applicant. The trial court shall also determine whether Applicant was competent when she pleaded
guilty. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. A copy of the written
admonishments shall also be returned to this Court within 120 days of the date of this order. Any
extensions of time shall be obtained from this Court. 



Filed: September 14, 2011

Do not publish